# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**WILLIE STRINGFIELD, III,**

    Plaintiff,

v.

                                                       **CIVIL ACTION NO. 2:11-CV-12**
                                                       **(BAILEY)**

**L.T. R. BRAINSON,[1]**
**WARDEN JAMES CROSS, and**
**CAPTAIN T. BERGAMI,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 52]. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on July 17, 2012 [Doc. 52]. In that filing, the magistrate judge recommends that this Court deny and dismiss with prejudice the plaintiff's complaint of excessive force.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

---

[1] This Court notes that Lt. "Brainson" is actually Lt. "Brinson"; therefore, this Court will refer to the defendant as Lt. Brinson throughout this opinion.

1

recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  The plaintiff timely filed his Objections [Doc. 54] on July 30, 2012.  Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the plaintiff objects.  The remainder of the R&R will be reviewed for clear error.

## I.     Factual and Procedural History

The plaintiff's Complaint [Doc. 1] alleges that while incarcerated at USP Hazelton, he was the victim of excessive force on three separate occasions: (1) September 19, 2009, alleging Lt. Brinson closed his hand inside the food slot, sprayed him with gas, rushed into his cell and started beating and kicking him, and then placing him in restraints; (2) October 12, 2009, alleging Lt. Brinson and others used excessive force by forcing his arms over his head causing his shoulder to dislocate; and (3) November 1, 2009, while in four-point restraints, Lt. Brinson entered plaintiff's cell and applied additional restraints with additional pressure around his wrists.

Plaintiff further alleges that Lt. Brinson placed his entire body weight on his face and head cutting off his breathing. He also alleges that Lt. Brinson placed his fingers inside his ears and pulled on his head causing him additional pain. Plaintiff also alleges that when Lt.

2

Brinson tightened the restraints, he felt the bones in his wrists crack. Additionally, he alleges that Lt. Brinson took his institutional keys and dug them into three of his fingers and the inside of his hands causing them to bleed. Finally, Plaintiff alleges that although medical staff informed Lt. Brinson that the restraints were too tight, he replied that there was nothing he could do.

On October 17, 2012, the defendants filed their Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Doc. 33]. In their memorandum in support, the defendants argue that the Complaint fails to state a claim for which relief may be granted. Specifically, the defendants assert that: (1) the plaintiff failed to establish a claim of excessive force; (2) the defendants are entitled to qualified immunity; (3) any **Bivens** claims against the defendants in their official capacity are barred by sovereign immunity; (4) the plaintiff has failed to exhaust his administrative remedies with respect to a second use of force on September 19, 2009; and (5) **Bivens** liability cannot be premised on the theory of *respondeat superior*. In response, the plaintiff asserts that there are genuine issues of material fact and has submitted a Declaration [Doc. 46] which points to various discrepancies in the materials submitted by the defendants.

## II. Analysis

The plaintiff states five (5) objections to the Report and Recommendation, which this Court will now addressed in turn.

A.

Plaintiff first objects to the R&R wherein the plaintiff asserts that the defendants stated they executed the November 1, 2009, forced move at 1:24 p.m. Plaintiff asserts he

3

never indicated the forced cell move was executed at 1:24 p.m., but rather that it occurred that day at 5:30 p.m. Thus, the plaintiff asserts this time difference is an attempt "to disguise the scene and the time of the crime and violation of plaintiff's constitutional rights thereby making it appear the actual perpetrators, Lt. Brainson (*sic*) and other staff neither had the mean[s] or opportunity to use excessive force against the plaintiff." [Doc. 54 at 1-2].

This Court has personally reviewed the video tape of the November 1, 2009, forced cell move, which is clearly dated and which reflects a time showing the move occurred at 1:24 p.m. This evidence is indisputable, with the exception of the plaintiff's own self-serving – and baseless – allegations that the cell move occurred at 5:30 p.m. In addition, the time was not significant as the move was videotaped so this Court could view the move. This Objection is **OVERRULED**.

B.

Plaintiff's second objection seeks to preclude any statements regarding the plaintiff's psychological and mental health history while in BOP custody. Plaintiff argues that his history of mental health issues is not relevant to the alleged excessive force used against him. In support, the plaintiff states that he has no control over what psychology or medical staff write in the plaintiff's files while in BOP custody.

Plaintiff is correct insofar as he has no control over the actual manner in which medical reports are written; however, the contents thereof are based on actions over which the plaintiff does control. Such records are extremely important to ensure both inmate and staff safety. Such information is used by the use of force team to determine what type of action may be required to subdue a noncompliant inmate such as Stringfield and to prevent

4

him from causing harm to himself.  This Court finds that the plaintiff's mental health history is therefore essential to the use of force team's strategy it implements prior to confronting an inmate.  In this case, the plaintiff's medical records were first consulted before the use of force was applied in order to determine whether the use of force would have an adverse effect on him.  Each time, it was determined that the controlled use of force would not have any negative impact on Stringfield's health.  Furthermore, during each instance, a member of the medical staff was present to evaluate the plaintiff's vital signs and the effects of the use of force.  Each time, the medical personnel determined that the force used had no negative consequences and that his condition was acceptable.  Exh. 5, Decl. of Harold Boyles.  Thus, the plaintiff's objection is **OVERRULED**.

C.

Next, the plaintiff objects that any statements he had made pertaining to threatening to cause harm to himself should not be used as a means to justify the alleged excessive force used.  This Court disagrees.

Again, as stated above, such information is essential to the force team's approach to noncompliant inmates.  Necessary force used to prevent an inmate from doing harm to himself does not equate to excessive force.  The core judicial inquiry in an excessive force claim is whether force was applied in a good faith effort to maintain or restore discipline or, instead, maliciously and sadistically to cause harm.  ***Wilkins v. Gaddy***, 130 S. Ct. 1175, 1178 (2010). To determine whether a correctional officer used excessive force against an inmate, one must examine (1) the objective nature of the force used and the resulting harm and (2) the subjective intent of the officers.  ***Hudson v. McMillian***, 503 U.S. 1, 7 (1992).

5

Under the subjective prong, the key inquiry is "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. The Court must balance such factors as the need for application of force, the relationship between the need and the amount of force actually applied, and the extent of the injury inflicted. *Id*.

In this case, prison staff members were responding to plaintiff's comments that he was going to harm himself. In putting Stringfield in restraints, the defendants' subjective intent was not to cause harm to him, but rather to prevent Stringfield from harming himself. Accordingly, this Court finds the force applied was absolutely a good-faith effort to restore discipline. *Id*. Accordingly, the plaintiff's objection is **OVERRULED**.

D.

The plaintiff's fourth objection is stated as an incoherent question: "Why was the video tape malfunction date October 12, 2009 incident?" The record only indicates that there was a camera malfunction during the October 12 incident, which stemmed from an emergency call from the SHU, when plaintiff Stringfield was observed by a staff member tying a homemade rope from the window frame and then around his neck [Doc. 35-9 at 4]. Prior to this incident, the plaintiff had threatened to hurt himself and had been on a hunger strike for nearly two weeks [Id. at 91]. The record indicates that staff entered the cell, plaintiff resisted, and was then placed in four-point restraints [Id.]. Plaintiff alleges that his shoulder was dislocated during this incident; however, the medical evidence established limited range of motion. Two days after the incident, the plaintiff did not provide any medical complaints to the medical staff [Id. at 81]. Insofar as the above can be construed

6

as an objection, the same is hereby **OVERRULED**.

E.

Finally, the plaintiff objects to the defendants' statements on September 19, 2009, that there is no evidence to suggest that the defendant closed the plaintiff's hand inside the food slot. Plaintiff contends the video footage clearly shows that Lt. Brinson closed his hands inside the food slot. No injuries were reported as a result.

This Court has reviewed the September 19, 2009, video footage, which shows that Stringfield had barricaded his door with his bed. Lt. Brinson repeatedly ordered the plaintiff to "cuff up," which involves the inmate placing his hands behind his back and placing them through the food slot. At this time, Lt. Brinson observed the plaintiff with a towel wrapped around his head, which he was repeatedly ordered to remove. The video then shows the plaintiff reach his hands through the food slot. Lt. Brinson again ordered Stringfield to remove the towel from his head. At that point, Lt. Brinson did in fact close the food slot, but very gently as it appeared the plaintiff was withdrawing his hands from the slot. In the process, the plaintiff's fingers were slightly squeezed in the slot; however, this Court finds that no reasonable trier of fact could view this act as such force used to cause harm maliciously or sadistically. *Hudson*, 503 U.S. at 9. Accordingly, the plaintiff's Objection is **OVERRULED**.

As a final matter, insofar as this Court has reviewed the entire record, and conducted a thorough review of the Report and Recommendation, this Court finds no clear error. Accordingly, the portions to which no objections were filed are **AFFIRMED**.

**III.** <u>**Conclusion**</u>

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 52]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the plaintiff's Objections to the magistrate judge's R&R **[Doc. 54]** are **OVERRULED**. Further, the defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment **[Doc. 33]** is hereby **GRANTED**. Accordingly, the Complaint **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the defendants.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** August 3, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE